# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| IRMA GOMEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>OPTIO SOLUTIONS, LLC d/b/a QUALIA COLLECTION SERVICES,<br><br>    Defendant. | Case No.: 17-cv-176<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Irma Gomez is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Optio Solutions, LLC, which does business as Qualia Collection Services ("Qualia"), is a debt collection agency with its principal offices located at 1444 N McDowell Blvd, Petaluma, CA 94954.

6. Qualia is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Qualia is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Qualia is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about December 1, 2016, Qualia mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly originally owed to "Original Creditor Capital One, N.A." ("Capital One") and now owed to "Current Creditor Kohl's Department Stores Inc." ("Kohl's). A copy of this letter is attached to this complaint as Exhibit A.

9. Upon information and belief, the alleged debt that Qualia was attempting to collect was a Kohl's store credit account, issued by Capital One, and used only for personal, family or household purposes including purchases of personal and home goods at Kohl's department stores.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by Qualia to attempt to collect alleged debts.

12. Upon information and belief, Exhibit A is the first written communication that Qualia sent to Plaintiff regarding the alleged debt to which Exhibit A refers.

13. The FDCPA requires debt collectors to provide certain information and notices to consumers within five days of the initial contact with the consumer:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless

the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

15 U.S.C. § 1692g(a)(1),(2).

14. To satisfy § 1692g(a)(2), a debt collector may provide "the name under which [the creditor] usually transacts business, or a commonly-used acronym, or any name that it has used from the inception of the credit relation." *Blarek v. Encore Receivable Mgmt.*, No. 06-cv-420-WEC, 2007 U.S. Dist. LEXIS 22549 at *22 (E.D. Wis. Mar. 27, 2007).

15. Kohl's Department Store and Capital One, N.A. are two distinct business entities.

16. Exhibit A states that the current creditor is Kohl's. However, upon information and belief, Capital One is the current creditor, not Kohl's.

17. Qualia's misrepresentation is a material false, misleading or confusing statement.

18. Misrepresentation of the creditor's identity is a misrepresentation of the character and legal status of the debt. 15 U.S.C. § 1692e(2)(a).

19. Qualia's misrepresentation is also a "false representation or deceptive means to collect or attempt to collect any debt," in violation of 15 U.S.C. § 1692e(10).

20. The unsophisticated consumer would mistakenly believe that Kohl's was the current creditor and could mistakenly attempt to contact Kohl's with questions or make payments to the wrong business entity.

21. If a consumer had sent a check to Kohl's, the payment would not satisfy the alleged debt owed to the correct creditor, who would be within its rights to continue collection efforts or even file a lawsuit to collect the debt.

3

22. In addition, the consumer may be barred from recovering a payment to the incorrect party by the voluntary payment doctrine. Even if the voluntary payment doctrine does not apply or would not be enforced, the logistical challenge of obtaining a refund would discourage consumers from attempting to recover their erroneous payment.

23. Additionally, Exhibit A contains multiple contradictory and confusing statements of the amount that Qualia was attempting to collect from Plaintiff.

24. Exhibit A contains the following text:

```
Balance Due                                               $849.39
Amount Past Due                                           $186.00
Total Due                                                 $247.00
(Total Due = Amount Past Due + Current Monthly Payment)
```

25. Exhibit A also states:

Your account with Kohl's Department Stores Inc. is now seriously delinquent. Kohl's Department Stores Inc. has placed your account with our agency to assist in bringing your account current. The past due amount of $186.00 is the amount necessary to bring your account current at this time.

26. 15 U.S.C. § 1692g(a)(1) requires a debt collector to provide the consumer, within five days of the initial communication, a written notice containing: "the amount of the debt." This notice cannot be confused by other language in the letter.

27. The Seventh Circuit held in *Barnes v. Advanced Call Ctr. Techs., LLC*, 493 F.3d 838, 840 (7th Cir. 2007), that "only the past due amount, the amount owed [to the debt collector], can be the 'amount of the debt' under § 809(a)(1)." If Qualia is truly collecting only the past-due amount of $186.00, it need only state that amount in the letter.

28. Instead of listing only the past due amount, Qualia includes two additional amounts, identified as "Balance Due" and "Total Due."

29. Exhibit A states that Qualia is collecting "the past due amount" of "$186.00," but also identifies "$247.00" as the "Total Due."

30. The three different amounts on Exhibit A render Exhibit A confusing to the unsophisticated consumer, who would not be able to determine, or would be confused as to, what amount Qualia was actually attempting to collect.

31. Failure to provide the correct validation notice pursuant to 15 U.S.C. § 1692g(a) is a *per se* violation of the FDCPA. No analysis of materiality of the error or omission is required. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).").

32. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. 15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

34. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

35. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

36. Plaintiff was confused by Exhibit A.

37. The unsophisticated consumer would be confused by Exhibit A.

38. Plaintiff had to spend time and money investigating Exhibit A.

5

39. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiffs on the consequences of Exhibit A.

40. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

41. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive

debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

42. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

43. <u>Exhibit A</u> identifies the original creditor as Capital One, N.A.

44. <u>Exhibit A</u> identifies the current creditor as Kohl's Department Stores Inc.

45. Upon information and belief, Kohl's is not the current creditor.

46. The language in Qualia's letter is false, misleading and confusing to the unsophisticated consumer, in that the letter fails to state the name of the creditor.

47. The Defendant has therefore violated 15 U.S.C. §§ 1692g(a), 1692g(a)(2), 1692e(2)(a) and 1692e(10).

## COUNT II -- FDCPA

48. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

49. Qualia represented the amount of the debt that Qualia was attempting to collect in a confusing manner by stating multiple amounts that Qualia was attempting to collect. <u>Exhibit A</u>.

50. <u>Exhibit A</u> contains contradictory or apparently contradictory statements that Qualia is attempting to collect $186.00, but refers to $247.00 as the "Total Due."

51. The unsophisticated consumer would be confused as to whether the "balance due," the "total due," or the "amount past due" was being collected.

52. Qualia's conduct violates 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692(f) and 1692g(a)(1).

7

## CLASS ALLEGATIONS

53. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complain in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between February 7, 2016 and February 7, 2017, inclusive, (e) that was not returned by the postal service.

54. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

55. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10),1692f, 1692g(a)(1) and 1692g(a)(2).

56. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

57. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

58. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

59. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

8

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: February 7, 2017

**ADEMI & O'REILLY, LLP**

By: s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com